UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID DWAYNE EVANS,

       Petitioner,

                                    CASE NO. 04-CV-74187-DT
v.                                 JUDGE GERALD E. ROSEN
                                    MAGISTRATE JUDGE PAUL KOMIVES

STATE OF MICHIGAN,

       Respondent.
_____/

**REPORT AND RECOMMENDATION**

I.    RECOMMENDATION: The Court should conclude that petitioner's application for the writ of habeas corpus is untimely under 28 U.S.C. § 2244(d). Accordingly, the Court should grant respondent's motion for summary judgment and dismiss the application.

II.    REPORT:

A.    *Background*

        Petitioner David Dwayne Evans, a former state prisoner,[1] filed an application for the writ of

---

[1] In his habeas application, petitioner identifies himself as a parolee. The State of Michigan's Offender Tracking Information System indicates that petitioner was discharged on February 12, 2005. It is not clear whether this "discharge" refers to petitioner's discharge from prison and placement on parole, or whether it refers to his complete discharge from the sentence. In either event, this Court has jurisdiction over petitioner's habeas application.
    "The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are '*in custody* in violation of the Constitution or laws or treaties of the United States.'" *Maleng v. Cook*, 490 U.S. 488, 490 (1989) (per curiam) (quoting 28 U.S.C. § 2241(c)(3)) (emphasis supplied by Court); *see also*, 28 U.S.C. § 2254(a). This requires "that the habeas petitioner be 'in custody' *under the conviction or sentence under attack* at the time his petition is filed." *Maleng*, 490 U.S. at 490; *see also, Carafas v. LaVallee*, 391 U.S. 234, 238 (1968). Petitioner is "in custody" here because (a) a petitioner on parole is "in custody" for purposes of habeas corpus, *Jones v. Cunningham*, 371 U.S. 236, 240-41 (1963); *DePompei v. Ohio Adult Parole Auth.*, 999 F.2d 138, 140 (6th Cir. 1993), and (b) jurisdiction is

habeas corpus, challenging his April 2000 convictions for solicitation to commit third degree criminal sexual conduct, use of computer communication to facilitate the commission of a prohibited act, and child sexually abuse activity. Petitioner contends that he received ineffective assistance of counsel; his due process and equal protection rights were violated by police entrapment; the elements of the solicitation crime were not prove; and the statutes under which he was convicted are unconstitutional. On April 29, 2005, respondent filed a motion for summary judgment, arguing that petitioner's application is barred by the one-year limitations period set forth in 28 U.S.C. § 2244(d). Petitioner filed a response to the motion on May 18, 2005. For the reasons that follow, the Court should grant respondent's motion and dismiss petitioner' application for the writ of habeas corpus.

B.   *Analysis*

Respondent argues that petitioner's application is barred by the one-year statute of limitations governing habeas petitions. On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub. L. No. 104-132, 110 Stat. 1220 (Apr. 24, 1996). In relevant part, the AEDPA amended 28 U.S.C. § 2244 to provide a one year statute of limitations for habeas petitions. Specifically, the statute as amended by the AEDPA provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on

---

not defeated where the petitioner is in custody at the time the petition is filed, *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968); *York v. Tate*, 858 F.2d 322, 324 (6th Cir. 1988).

>   collateral review; or
>       (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>       (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).[2]

As the language of the statute indicates, there are four possible dates on which the limitations period may begin to run. Petitioner does not claim that the state created an impediment to the filing of his habeas petition, nor are his claims based on newly recognized constitutional rights. Thus, paragraphs (B) and (C) are inapplicable here. Petitioner does argue that he is entitled to the delayed starting provision for claims based on newly discovered evidence contained in paragraph (D). I first consider whether the application is timely under the typical limitations period commencing with the finality of the conviction under paragraph (A), and then turn to the issue of whether petitioner may invoke the delayed starting provision of paragraph (D).

   1.   *Calculation of the Limitations Period under § 2244(d)(1)(A) and (d)(2)*

In most cases, paragraph (A) provides the appropriate date for commencing the limitations period. Under this provision, the limitations period commences when the conviction at issue becomes "final" by the conclusion of direct review or the expiration of the time for seeking such review. Here, it is undisputed that if the limitations period commenced upon petitioner's conviction becoming final under paragraph (A), petitioner's application is untimely. Petitioner's direct appeal was concluded when the Michigan Supreme Court denied his application for leave to appeal on

---

[2]The AEDPA codified a one-year statute of limitations provision for motions to vacate federal convictions brought under 28 U.S.C. § 2255 which is nearly identical to the one found in § 2244(d)(1). *See* 28 U.S.C. § 2255 para. 6. Accordingly, cases discussing the § 2255 statute of limitations are applicable here.

October 16, 2001, *see People v. Evans*, 465 Mich. 888, 636 N.W.2d 140 (2001), and petitioner's limitations clock therefore began 90 days later, when the time for seeking *certiorari* in the United States Supreme Court expired. *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). Thus, under paragraph (A) the limitations period commenced on January 25, 2002, and ran for 354 days until petitioner filed his state court postconviction motion on January 13, 2003. At that point, with only 11 days remaining on the limitations clock, the limitations period was tolled. The Michigan Supreme Court denied petitioner's application for leave to appeal from the trial court's denial of his motion for postconviction relief on October 31, 2003, *see People v. Evans*, 469 Mich. 949, 674 N.W.2d 153 (2003), and the limitations period recommenced 90 days later when the time for seeking *certiorari* in the United States Supreme Court expired, or on January 30, 2004. Although he had only 11 days remaining on the limitations clock at this point, petitioner waited nearly a year to file his habeas application on October 21, 2004. Thus, it is clear that, under the ordinary starting date set forth in paragraph (A), petitioner habeas application is untimely.

  2.  *Whether § 2244(d)(1)(D) Delays the Commencement of the Limitations Period*

Petitioner contends that he could not have discovered the factual basis for his claim until he received the medical records which showed the medications he was taking at the time of his pleas. He argues, therefore, that his petition is governed by § 2244(d)(1)(D), under which the limitation period does not begin to run until "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." The Court should disagree.

This provision requires a court "to review the 'factual predicate' of petitioner's claims and determine whether they could have been discovered prior to when his conviction became final."

*Sierra v. Evans*, No. 98-6040, 1998 WL 712578, at *2 (10th Cir. Oct. 13, 1998). Further, this provision "does not postpone the accrual of limitations based on a *pro se* litigant's or an attorney's belated discovery or realization of the legal consequences of known facts. Rather, postponed accrual is in order only if the facts themselves supporting a legal claim were undiscoverable in a timely fashion, despite due diligence." *Fraser v. United States*, 47 F. Supp. 2d 629, 630 (D. Md. 1999). In short, the operative inquiry is whether the facts themselves, rather than the legal import of or evidence supporting them, could not have been discovered through the exercise of reasonable diligence. *See United States v. Pollard*, 416 F.3d 48, 55 (D.C. Cir. 2005); *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000); *Brooks v. McKee*, 307 F. Supp. 2d 902, 905-06 (E.D. Mich. 2004) (Gadola, J.); *Hereford v. McCaughtry*, 101 F. Supp. 2d 742, 745 (E.D. Wis. 2000).

Petitioner is not entitled to the benefit of paragraph (D) because he knew, or should have known, of his claim at the time of his plea, notwithstanding his counsel's alleged failure to turn over to petitioner his case file. Petitioner's claims relate to trial counsel's alleged coercing of him to enter his plea, the police officer's alleged entrapment of him, and the constitutional validity of the statutes under which he was prosecuted. As one court has observed, "[t]his provision . . . runs from the date a petitioner [or movant] is on notice of the facts which would support a claim, not from the date on which the petitioner has in his possession evidence to support his claim." *Youngblood v. Greiner*, No. 97 Civ. 3289(DLC), 1998 WL 720681, at *4 n.4 (S.D.N.Y. Oct. 13, 1998). And, as the Fifth Circuit has explained, "[s]ection 2244(d)(1)(D) does not convey a statutory right to an extended delay . . . while a habeas petitioner gathers every possible scrap of evidence that might . . . support his claim." *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir. 1998); *accord Tate v. Pierson*, 177 F. Supp. 2d 792, 800 (N.D. Ill. 2001). Thus, the courts considering the issue have uniformly

concluded that the lack of transcripts or other evidence does not make this provision applicable where the petitioner should know of the underlying claims which the evidence will allegedly support. *See United States v. Concepcion*, No. 98-2372, 1999 WL 225865, at *2 (E.D. Pa. Apr. 19, 1999) ("Facts contained in Petitioner's transcripts are not newly discovered facts sufficient to extend the time limitation for filing under the AEDPA. The facts supporting Petitioner's claims were discoverable at sentencing[.]"); *United States v. Agubata*, No. HNM-97-3629, 1998 WL 404303, at *3 (D. Md. July 9, 1998); *Nicholson v. United States*, No. 97 CV 2858 (SJ), 1998 WL 273029, at *2 (E.D.N.Y. Apr. 13, 1998) (facts relating to claim based on validity of plea were known at the time of the plea).

Here, petitioner should have been aware at the time he pleaded guilty that he had been coerced by counsel and that his counsel was ineffective. *See Ledoux v. Dennehy*, 327 F. Supp. 2d 97, 100-01 (D. Mass. 2004). Further, petitioner was well aware of the police conduct giving rise to his entrapment claim, and his constitutional challenges to the statutes required no factual development at all. Thus, even if he did not recognize their legal import, petitioner had available to him at the time of his plea all of the fact necessary to raise his habeas claims. Accordingly, the Court should conclude that petitioner knew or should have known of the facts underlying his claims at the time of his plea, and that paragraph (D) therefore is inapplicable.

C.    *Conclusion*

In view of the foregoing, the Court should conclude that petitioner's application for the writ of habeas corpus is barred by the one year limitation period set forth in 28 U.S.C. § 2244(d). Accordingly, the Court should grant respondent's motion and dismiss petitioner's application.

III.    NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

Dated: September 14, 2005

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on September 14, 2005.
>
> s/Eddrey Butts
> Case Manager